## Scott *v.* Allegheny County Retirement Board, Appellant.

Argued May 1, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Anthony J. Martin,* with him *Martin, Finnegan and Rossetti,* for appellant.

*Walter A. Koegler,* for appellees.

*Leo Kostman,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 2, 1970:

The Retirement Board of Allegheny County is appealing from three orders in actions of mandamus of the Court of Common Pleas of Allegheny County. The first order stated that Harvey Scott was eligible to become a member of the Retirement System of Allegheny County from the date of his employment, April 21, 1954, and should make such contributions as would have been required without interest. The second order stated that William Minogue should be reinstated to membership in the Retirement System of Allegheny County from the date of his employment, September 1, 1948, and that he make such contributions as would have been required without interest. The third order stated tht George Jenkins was eligible to receive retirement benefits and that appellant was directed to pay such benefits in accordance with his application commencing October 1, 1967.

All three actions arise out of the Act of July 28, 1953, P.L. 723, art. XVII, §1716(c), as amended by the Act of May 31, 1955, P.L. 111, §1, 16 P.S. §4716, whose purpose "was to give effect to the public policy against governmental employes receiving more than one retirement allowance from governmental retirement systems." *Schmidt v. Allegheny County Retirement Board,* 394 Pa. 105, 108, 145 A. 2d 692 (1958). In relevant part that statute stated: "(c) . . . nor any person who is employed . . . as a county employe subsequent to (March 31, 1937), who is receiving prior or subsequent thereto, or is eligible to receive prior or subsequent thereto, a pension annuity or retirement allowance from the Commonwealth of Pennsylvania, its departments, boards, commissions and agencies and of the

political subdivisions thereof shall be eligible to receive a retirement allowance from the county employes' retirement system. . . ." That prohibition was contained in the Second Class County Code,[1] and in *Rockwell v. York County Retirement Board*, 405 Pa. 406, 416, 175 A. 2d 831 (1961), we stated: "While it seems unfair that the legislature, in the case of second-class counties, has established one standard and, in the case of all other political subdivisions, by legislative inaction, established another standard, such fact does not justify this Court in finding payment of dual benefits invalid. Such is clearly a matter for the legislature, not this Court." In 1967 the legislature did see fit to act, and by the Act of December 13, 1967, P.L. 722, §1, 16 P.S. §4716 (Supp. 1970), it repealed subsections (b) and (c) of section 1716 and provided that the repealing act should take effect immediately. We are now called upon to determine the implications of that repeal.

## I.

Harvey Scott had been an employee of the City of Pittsburgh and prior to April 21, 1954 became eligible for a pension from the city as a result of that employment and actually was receiving that pension. On April 21, 1954 Scott was employed by Allegheny County in the Bureau of Elections. As a result of subsection (c) of the aforementioned act (actually the language quoted above is that of the 1955 amendment but the wording of the original 1953 statute similarly barred Scott), he was ineligible to become a member of the County Retirement System. On December 30, 1967 he requested appellant to permit him to become a member of the Retirement Fund and allow him to make payment of all contributions due from the date of his

---

[1]Apparently the legislature felt that the major source of abuse was Second Class Counties.

employment, April 21, 1954. Commencing in March, 1968 contributions to the Retirement System were deducted from Scott's salary, but being unsatisfied with that, he brought an action in mandamus seeking to be made a member of the system as of 1954. The court below, as indicated above, found in his favor.

In essence Scott is arguing that the repealing act should be applied retroactively to permit participation in the system by those who had previously been barred by §1716(c) during the time they had been barred. Section 56 of the Statutory Construction Act, Act of May 28, 1937, P.L. 1019, art. IV, 46 P.S. §556, states, "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." The repealing act is extremely brief. Section 1 states "Subsections (b) and (c) of section 1716, act of July 28, 1953 (P.L. 723), known as the 'Second Class County Code', are repealed." Section 2 states, "This act shall take effect immediately." Thus, there is nothing in the language of the act to rebut the presumption of the Statutory Construction Act. Also, the policy behind the repeal (the desire to remove the prohibition against an individual receiving more than one retirement allowance from governmental retirement systems) does not necessarily reflect an intention that those barred during the time §1716(c) was in effect should be granted membership for that entire period as opposed to being granted membership as of the date the repealer became effective. Therefore, no clear and manifest intention on the part of the legislature to have the repealer apply retroactively has been shown, and the order as to Scott must be reversed.

## II.

William Minogue was employed by the City of Pittsburgh prior to September 1, 1948 and as of that

date was receiving a pension from the city on account of that employment. On September 1, 1948 he commenced his employment with the County, and from that date until the effective date of §1716 contributions to the Retirement Fund were deducted from his salary. On December 1, 1953 the Retirement Board removed him from membership in the system and refunded the contributions he had made. Starting in March, 1968 deductions were made from his salary for the Retirement Fund, but Minogue claims eligibility for retirement benefits based on his entire period of service (from September 1, 1948) subject to his payment of all the contributions he would have been required to make if he had been a member continuously. As indicated above, the court below granted him the relief he sought in his mandamus action.

We need not decide whether under the standards enunciated in *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A. 2d 197 (1958), and reiterated in *Eisenberger v. Harrisburg Police Pension Commission,* 400 Pa. 418, 162 A. 2d 347 (1960), and in *Geary v. Allegheny County Retirement Board,* 426 Pa. 254, 231 A. 2d 743 (1967), it was proper for the Board to have removed Minogue from membership in 1953 because Minogue has not raised that issue. In essence, he is making the same argument as did Scott, that the act repealing §1716(b) and (c) should be applied retroactively and that subject to payment of all amounts due he should be granted membership as of September 1, 1948. For the same reasons that we found Scott's position unconvincing, we find Minogue's argument without merit and reverse the order as to him.

### III.

George Jenkins was employed by Allegheny County on October 23, 1951, became a member of the Retire-

ment System on that date and made contributions until the date of his retirement on October 1, 1967. Jenkins was also a member of the General Assembly of the Commonwealth of Pennsylvania and served from 1949-1956 and again from 1959-1962. In January, 1963 he began receiving a pension from the Commonwealth, and because of this appellant, acting under §1716(c), denied his application for retirement benefits. The court below found in his favor in his mandamus action and ordered appellant to pay retirement benefits beginning October 1, 1967.

The Board states that it developed a policy under §1716(b) (which in pertinent part said, "If any member of the retirement system is receiving a retirement allowance . . ., and he or she shall be employed subsequent to May 22, 1933 by . . . the Commonwealth of Pennsylvania . . . then the board shall suspend the retirement allowance . . . to such member of the retirement system during such employment.") of differentiating between elected officials and employees. That is, if an individual were receiving a county pension and then were elected to public office, the Board would deem him not to be an employee for purposes of §1716(b) and would not suspend payment of the county pension during the time he was in office. Any person holding a job other than an elective post was deemed an employee for purposes of §1716(b), and the payment of his pension was suspended. Appellant then asks more than argues whether consistent application of this policy requires an elected official (such as Jenkins) to be treated differently under §1716(c) than ordinary employees.

We need not decide whether the distinction the Board has developed is permissible under §1716(b) or whether, assuming such a distinction is permissible, it carries over to §1716(c). What is important is that rightly or wrongly appellant permitted Jenkins to re-

main a member of the system from the date of his employment in 1951 to the date of his retirement in 1967, and Jenkins made the required contributions during that period. Section 1716(c) forbade an individual who was eligible to receive or who was receiving a retirement allowance from the Commonwealth from *receiving* a retirement allowance from the county. When that subsection was repealed, no bar existed to Jenkins' receiving the county pension. Unlike Scott and Minogue, Jenkins is not asking to be permitted to become a member of the system for the years §1716(c) was in effect. Rightly or wrongly, he was a member of the system, and the Act of December 13, 1967 removed the barrier that prevented him from receiving the benefits. Therefore, he is entitled to receive retirement benefits beginning December 13, 1967.

The Order in No. 96 March Term, 1970, Scott v. Retirement Board of Allegheny County, is reversed.

The Order in No. 97 March Term, 1970, Minogue v. Retirement Board of Allegheny County, is reversed.

The Order in No. 98 March Term, 1970, Jenkins v. Retirement Board of Allegheny County, is affirmed as modified.