## Nelson v. Borough of Ford City

436

*James G. Callas*, for plaintiff.
*John B. McCue*, for defendant.

SNYDER, P. J., Specially Presiding, May 6, 1974.— This matter comes before the court on a case stated. The agreed facts are as follows:

1. Plaintiff was employed by defendant as Chief of Police of the Borough of Ford City from October 1, 1944, until December 31, 1968, at which time plaintiff retired.

2. On February 14, 1955 the Town Council of the Borough of Ford City adopted an ordinance (No. 328) entitled: "An Ordinance to Provide Additional Pension Rights for Employees of Ford City Borough Upon Retirement." This ordinance provided, inter alia, for the following:

"Section 5. *Other benefits.* That the benefits granted by this Ordinance shall be in addition to any other retirement benefits to which the employee may be entitled to by virtue of social security retirement plans provided for by the Borough, private retirement plans or otherwise, and provided further that nothing herein shall preclude any employees from joining in any other pension or retirement system.

"Section 6. *No vested interest.* That this Ordinance may be repealed at any time and all payments hereunder shall thereupon cease. This provision in the ordinance being notice to all employees that payments

hereunder are in the discretion of the Borough authorities and that no rights to payments are vested in such employees."

3. On May 5, 1958, defendant adopted an ordinance (No. 378) entitled "The Ford City Borough Police Pension," and plaintiff is entitled to the benefits provided in that ordinance. Said ordinance provides, inter alia, for the following:

"173.06 Retirement

". . . members of the Police Department who have heretofore been subject to the provisions of this article and who have attained the age of 60 years and have a minimum total service of 20 years, as heretofore provided, may elect to retire as aforesaid."

4. On December 23, 1968, the Borough of Ford City enacted an ordinance (No. 460) entitled "An ordinance further amending ordinance No. 328 enacted the second day of March 1955 by re-defining the term 'employee.'" Said ordinance provided, inter alia, as follows:

"(a) . . . The term (employee) shall not . . . include persons who receive benefits from the Police Pension Plan . . ."

5. At the time of plaintiff's retirement, an agreement existed between Ford City Borough and United Glass and Ceramic Workers Ford City Local No. 172 which provided, in part, as follows:

"Effective January 1, 1968:

"9. Pension—Increased pension to $3.00 per month per year of service."

6. Plaintiff's base salary for the 60 months immediately preceding his retirement was $568.86 per month. In addition to such base salary, plaintiff was paid extra benefits for such things as uniform allowance and expense money for attending conventions and meetings. Taking into consideration such extra

payments, plaintiff's average monthly wage for the 60 months prior to retirement was the sum of $588.37 per month.

7. Defendant is entitled to a credit of $84 on any judgment which might be entered for plaintiff in this matter.

The basic question in this case is whether plaintiff is entitled to any retirement benefits beyond those provided in the Police Pension Ordinance adopted on May 5, 1958. Plaintiff contends that he is entitled to the additional pension benefits provided in ordinance no. 328 adopted by defendant in March of 1955. In support of that position, plaintiff also relies on the agreement in effect between defendant and the United Glass and Ceramic Workers at the time of plaintiff's retirement.

Defendant contends that the additional pension benefits provided by ordinance no. 328 do not extend to plaintiff inasmuch as the Police Pension Ordinance of 1958 was intended to be the exclusive source of pension benefits for borough policemen, and that this intention was expressly declared in ordinance no. 460 adopted by the borough on December 23, 1968. Defendant also contends that the agreement which it entered into with the United Glass and Ceramic Workers does not extend to plaintiff because of his supervisory position as chief of police.

In the leading case of Retirement Board of Allegheny County v. McGovern, 316 Pa. 161, 174 Atl. 400 (1934), the Supreme Court of Pennsylvania declared that an employe's right to a pension under a retirement act is constitutionally protected against subsequent alteration by the legislature once the employe fulfills the conditions prerequisite to the receipt of retirement pay. In McGovern, the court further held that eligibility for retirement pay is complete as soon

as an employe or member of the retirement system has satisfied the conditions requisite for retirement, *whether the employe chooses to retire immediately or to continue in active service.* His rights to such pay are fixed as of the time he attained eligibility. Until retirement pay is earned, the right is inchoate.

The rule of the McGovern case has been followed and applied in the case of McBride v. Allegheny County Retirement Board, 330 Pa. 402, 199 Atl. 130 (1938), and in Baker v. Retirement Board of Allegheny County, 374 Pa. 165, 97 A. 2d 231 (1953); and also in the case of Harvey v. Allegheny County Retirement Board, 392 Pa. 421, 141 A. 2d 197 (1958).

The principles set forth in the McGovern case are also determinative of the rights of employes in private pension systems. See David v. Veitscher Magnesit-werke Actien Gesellschaft, 348 Pa. 335, 35 A. 2d 346 (1944).

Ordinance no. 328 provided that its provisions for additional pension rights applied to those employes, "who have attained the age of 65 and shall have been, upon retirement in the service of the Borough of a period of 15 years immediately preceding his date of retirement." In the case at hand, plaintiff had fulfilled those prerequisites for a considerable period of time prior to borough ordinance no. 460 adopted December 23, 1968, the obvious intent of which ordinance was to exclude plaintiff from benefits under ordinance no. 328.

Defendant points to section 6 of ordinance no. 328 which provides that the benefits provided therein are in the discretion of the borough and that no rights to payments are vested in the employes. We conclude from the principles set forth in the McGovern case that such a provision is not valid, at least in those instances

where the employe has fulfilled, as he has here, the prerequisites for retirement.

Because we conclude, for reasons previously stated, that plaintiff is entitled to the pension benefits of ordinance no. 328, we need not consider the applicability of the agreement between defendant and the United Glass and Ceramic Workers.

The remaining issue to be determined by the court is plaintiff's "monthly average salary" for the 60 months immediately preceding his retirement. It is this monthly average salary which determines the amount of monthly benefits plaintiff is entitled to under the regular Borough Police Pension Fund Ordinance (ordinance no. 378). The ordinance itself contains no definition of the term "monthly average salary," nor has counsel provided the court with any citations to interpret this term, nor has the court itself been able to find any applicable authority on the point. However we believe it is more reasonable to interpret the term "monthly average salary" to be the employe's base salary, and to not include payments made to the employe for uniform allowance and expense money for attending conventions and meetings.

For the reasons above stated, we, therefore, enter the following:

## ORDER

And now, May 6, 1974, we find for plaintiff and against defendant in the amount of $1,428 upon calculation as follows:

| | | |
|---|---|---|
| A. | $72 X 21 months | $1,512.00 |
| B. | Less $4 X 21 months | $    84.00 |
| | | $1,428.00 |

And it is further held that plaintiff's monthly average salary for the period of 60 months immediately preceding his retirement was the sum of $568.86.