Maurice Osser, Petitioner *v.* City of Philadelphia, Respondent.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Neil E. Jokelson, Jokelson and Rosen, P.C.,* for petitioner.

*Kenneth L. Fox,* Assistant City Solicitor, with him *Mark A. Aronchick,* Acting City Solicitor, and *Jill A. Douthett,* Divisional Deputy City Solicitor, for respondent.

OPINION BY JUDGE BLATT, June 20, 1983:

Maurice Osser (appellant) appeals here an order[1] of the Court of Common Pleas of Philadelphia County which refused to direct payment by the City of Philadelphia (City) of his accrued pension benefits.[2]

The appellant began his employment with the City on January 7, 1952 and resigned on December 21, 1972[3] after his conviction in federal court for "mail fraud, conspiracy, and endeavoring to obstruct criminal investigation in violation of 18 U.S.C. Sections 1341, 1342, 371, and 1510."[4] Subsequent to his conviction and resignation, he filed a claim with the Board of Pensions and Retirement of Philadelphia (Board) which was denied. He then filed a complaint in the common pleas court, which denied relief pursuant to, *inter alia,* Section 217 of the Philadelphia Retirement System Ordinance, which provides in pertinent part:

Notwithstanding any other provision of this article, no employee nor any beneficiary desig-

---

[1] The order was a denial of the appellant's motion for judgment on the pleadings.

[2] The common pleas court did order the return of the appellant's contributions.

[3] At the time of resignation, the appellant held the elected office of County Commissioner.

[4] "Judgment and Commitment" in *United States v. Osser,* Criminal Docket 72-384 (E.D. Pa., December 20, 1972).

nated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee

(a) pleads or is finally found guilty or pleads no defense, in any court, to any of the following:

(1) Perjury committed in connection with his official duties or in any affidavit or proceeding concerning his official duties or conduct;

(2) Acceptance of a bribe for the performance, or affecting the performance or for the non-performance of his official duties, . . .;

(3) Engaging in graft or corruption incident to or in connection with his office or employment constituting a violation of the laws of the Commonwealth of Pennsylvania or the United States;

(4) Theft, embezzlement, wilful misapplication or other illegal taking of funds or property of the City, . . .;

(5) Malfeasance in his office or employment;

(6) Engaging in a conspiracy to commit any of the foregoing;

An appeal was next directed to the Superior Court, which declined jurisdiction and transferred the case to this Court, deferring to our "greater expertise in the issues raised here." *Osser v. City of Philadelphia*, 295 Pa. Superior Ct. 447, 449, 441 A.2d 1317, 1318 (1982).

The appellant argues here that, notwithstanding Section 217 of the Ordinance, the terms of his pen-

sion contract were fixed prior to the enactment of Section 217 and the forfeiture provisions cannot be applied to him.

Support for the appellant's theory is found in a recent Supreme Court decision. *Commonwealth ex rel. Zimmerman v. Officers and Employees Retirement Board (Nacrelli)*, Pa. , 461 A.2d 593 (1983). In *Nacrelli*, the pensioner served in a public capacity for 20 years, the last 10 as Mayor of Chester, but, prior to his resignation in 1979, he was convicted of various federal crimes. The Supreme Court there decided the applicability of the Public Employee Pension Forfeiture Act (Act 140), Act of July 8, 1978, P.L. 752, 43 P.S. §§1311-1315 to Nacrelli's specific factual situation, and noted that it had already ruled against a retroactive application of Act 140 to those whose pension rights were already vested. The Court held that such an application of that Act was unconstitutional as an impairment of the obligation of contract. *Bellomini v. State Employee Retirement Board*, 498 Pa. 204, 445 A.2d 737 (1982). *Bellomini*, however, did not decide the issue of the application of Act 140 (or of a similar forfeiture provision as is presented here) to a pensioner whose *eligibility* requirements had not yet been met when the statute in question was enacted. But that decision was made in *Nacrelli*, where the Supreme Court held that the forfeiture provisions could not be applied to Nacrelli because the contractual rights of a public official in a retirement system are "determined as of the date of his membership in the system." *Nacrelli* at , 461 A.2d at 598. The Court there cited with approval *Baker v. Retirement Board of Allegheny County*, 374 Pa. 165, 169, 97 A.2d 231, 233 (1953), wherein it had written:

As of the time he joined the fund, his right to continued membership therein, under the same

rules and regulations existing at the time of his employment, was complete and vested.

*See also Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A.2d 233 (1954) (reaffirming *Baker*). These same principles must be applied here.

Pensions for public employees are viewed as deferred compensation for services rendered in the past. *Bellomini.* And, the pension agreement is a contract between the employee and the government. *Hickey.* The rights of an employee cannot be *adversely* affected by unilateral governmental changes after his initial membership in the system. *Baker.*[5] Therefore, because Section 217 was enacted after the appellant's entry into the system,[6] it cannot be applied adversely to him under the Supreme Court decisions above-cited.

We will, therefore, reverse the order of the common pleas court and remand the case for further proceedings in conformity with this opinion.

### ORDER

AND Now, this 20th day of June, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the case remanded with directions to remand to the Board of Pensions and Retirement of the City of Philadelphia for the computation of benefits.

Jurisdiction relinquished.

---

[5] Note, however, that an employee who has not attained eligibility may be subject to legislation which changes the terms of the retirement contract if that change is a reasonable enhancement of the actuarial soundness of the retirement fund. *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A.2d 197 (1958).

[6] Section 217 was enacted in 1956.