## Eisenberger, Appellant, *v.* Harrisburg Police Pension Commission.

Argued May 23, 1960.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*William S. Livengood, Jr.,* with him *Charles J. Ware,* and *Livengood, Braucher & Stroup,* for appellant.

*James S. Bowman,* Assistant City Solicitor, with him *Spencer G. Hall,* City Solicitor, for Police Pension Commission, appellee.

OPINION BY MR. JUSTICE COHEN, June 29, 1960:

This is an appeal from the judgment entered for the appellee Commission by the lower court in an action in

mandamus. The facts herein recited are taken from the stipulation by the parties and the history as set forth in counsel's briefs.

As of May 20, 1958, Earl F. Eisenberger, appellant, was over fifty years of age and had served as a member of the Harrisburg Police Department for twenty years. During this time appellant complied fully with all provisions of the various statutes and ordinances governing contributions to the police retirement fund. On May 5, 1958, he filed an application for retirement with the Police Pension Commission and the Mayor of the City of Harrisburg, to become effective May 20, 1958. The rejection of the application by the appellee has engendered this appeal.

At the time appellant entered the service of the police department on May 1, 1938, the retirement of city policemen and the pensions to be paid upon such retirement were governed by Harrisburg City Ordinance No. 95, of the Session of 1920-21, passed under authority of the Act of May 24, 1893, P. L. 129, 53 PS §761, the original Pension and Retirement Act, which applied to all boroughs and cities of the Commonwealth. Said ordinance provided, inter alia, in section 6, as follows: "Section 6: Every officer or employe of the bureau of police accepting the provisions of this ordinance, who shall have served for a period of twenty (20) years and shall have reached the age of fifty-five (55) years, shall be entitled to be retired at the option of the Police Pension Commission, on his or her own request on a pension, the pension to date from the time the officer or employe shall have filed his or her application with the Commission. . . ."

The Act of 1893 (supra) was repealed, insofar as cities of the third class were concerned, by the Third Class City Code, Act of June 23, 1931, P. L. 932, 53 PS §35101 et seq.

On August 8, 1938, some three months after appellant joined the police department, the City of Harrisburg enacted a new ordinance pursuant to the Act of 1931, relating to retirement and pensions of policemen (Ordinance No. 94, of the Session of 1938-39), providing as follows: "Section 6: Every officer or employe of the Bureau of Police who shall have served continuously for a period of twenty-five (25) years and shall have reached the age of fifty (50) years shall be entitled to be honorably discharged and retired at his or her own request on a pension; the pension to date from the time the officer or employe shall have filed his or her application with the Commission. . . ."

While both the enabling acts of 1893 and 1931 set forth a minimum period of service of twenty years as a condition precedent to retirement and eligibility for pensions, neither statute made any provision for a minimum age for retirement.

Appellant contends that since the enabling legislation of 1893 did not contain a minimum age requirement as a condition precedent to retirement and eligibility for a pension, the insertion in Ordinance No. 95 of the fifty-five years of age requirement was invalid. Thus, he maintains, since twenty years of service was the only valid pre-requisite in his pension contract at the time appellant joined the fund, he is now entitled to his pension. His position, however, is a hopeless one. To begin with, the conspicuous absence of a minimum age requirement in both the 1893 and 1931 enabling acts gives rise to serious questions as to the enforceability of *any* rights arising under the respective ordinances. See *Altieri v. Allentown Retirement Board*, 368 Pa. 176, 81 A. 2d 884 (1951), wherein we held that a fixed age for the commencement of retirement is a requisite of any retirement system, and its absence renders a pension and retirement program in-

complete and unenforceable. Since the parties failed to brief or argue this point, however, we prefer to assume the validity of the ordinances, and dispose of the case on the authority of *Harvey v. Allegheny County Retirement Board*, 392 Pa. 421, 141 A. 2d 197 (1958).

Applying the *Harvey* rule to the instant case, it is obvious that appellant's rights must be determined under Ordinance No. 94 (1938-39), with its minimum service requirement of twenty-five years, rather than Ordinance No. 95 (1920-21) which only required twenty years service. The length of service required to qualify an individual for a pension is a material part of the retirement system, and is one of the material actuarial components necessary for the establishment and operation of a proper retirement system. While the City of Harrisburg cannot alter the terms of a pension contract without the consent of the employee if he has already satisfied the conditions for receiving a pension, the city by ordinance, as well as the legislature by enactment, prior to the employee's fulfillment of the conditions, may change or add to these conditions when such changes enhance the actuarial soundness of the fund. That was the rule established in *Harvey* and that is the rule which we now apply. Clearly, the change made by Ordinance No. 94 in increasing the period of service from twenty years to twenty-five years, enhances the actuarial soundness of the fund. Accordingly, under *Harvey*, appellant's rights are determined by the terms of Ordinance No. 94. Since appellant has less than twenty-five years of service, he has not complied with the requirements of the ordinance governing his rights. Therefore, the court below properly entered judgment for the Pension Commission of the City of Harrisburg.

Judgment affirmed.