Geary, Appellant, *v.* Allegheny County
Retirement Board.

Argued January 9, 1967.  Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

reargument refused July 31, 1967.

*Walter A. Koegler,* for appellant.

*Anthony J. Martin,* for appellee.

*Raymond Kleiman,* Deputy Attorney General, and
*Edward Friedman,* Attorney General, for Common-
wealth, intervenor.

OPINION BY MR. JUSTICE ROBERTS, June 29, 1967:

The question before the Court in this appeal is the
constitutionality of the Act of December 16, 1965,

P. L. 1115, §2, 16 P.S. §4710(b) (Supp. 1967) which reduced to fifty-five the age at which Allegheny County policemen are entitled to receive a retirement allowance after twenty or more years of service. Prior to the enactment of the Act of December 16, 1965, Allegheny County policemen, like all other employees of that county, were entitled to receive retirement allowance after twenty or more years of service only after the age of sixty, Act of July 28, 1953, P. L. 723, §1710, as amended, Act of May 31, 1955, P. L. 111, §1.

Plaintiff William H. Geary was born on December 9, 1908 and by 1966 had been employed continuously as a member of the police force of Allegheny County for a period in excess of thirty-three years. On May 11, 1966, at the age of fifty-seven, Geary notified the Retirement Board of Allegheny County of his intention to retire voluntarily on June 30, 1966 and made application for a retirement allowance under the provisions of the Act of December 16, 1965. The retirement board denied plaintiff's application on June 20, 1966 and two days later the instant action of mandamus was instituted by Geary in the Court of Common Pleas of Allegheny County to compel the board to grant his application. The court of common pleas dismissed plaintiff's complaint on the ground that the Act of December 16, 1965 violates federal and state constitutional guarantees of due process[1] and prohibitions of the impairment of the obligation of contracts.[2]

In support of this conclusion the court below and the retirement board here rely on the opinions of this Court in *Eisenberger v. Harrisburg Police Pension Comm'n,* 400 Pa. 418, 162 A. 2d 347 (1960); *Harvey v. Allegheny County Retirement Bd.,* 392 Pa. 421, 141 A. 2d 197 (1958); *Hickey v. Pittsburgh Pension Bd.,*

---

[1] U. S. Const. amend. XIV, §1; Pa. Const. Art. I, §1.
[2] U. S. Const. Art. I, §10; Pa. Const. Art. I, §17.

378 Pa. 300, 106 A. 2d 233 (1954); *Baker v. Retirement Bd. of Allegheny County,* 374 Pa. 165, 97 A. 2d 231 (1953); and *Kane v. Policemen's Relief & Pension Fund,* 336 Pa. 540, 9 A. 2d 739 (1939).[3] In the *Hickey* and *Kane* cases this Court decided that the Legislature might not constitutionally terminate the retirement allowance of public employees, who had already become eligible therefor, when those employees obtained new government employment. In the *Baker* case the Court indicated that it would similarly be unconstitutional for the Legislature, as to employees who were in the process of fulfilling eligibility requirements, to condition receipt of retirement allowances upon willingness to refrain from obtaining employment in government after eligibility. The *Harvey* and *Eisenberger* cases stand for the proposition that the Legislature may, as to employees who are in the process of fulfilling eligibility requirements, constitutionally pass statutes *increasing* the length-of-service or the age requirements only if those measures also enhance the actuarial soundness of the fund to which the affected employees belong. The decisions in all these cases were grounded on this Court's conclusion that public employees who have become eligible for retirement allowances and those who are in the process of becoming eligible possess certain vested and contractual rights with which the Legislature may not constitutionally interfere. In the *Harvey* case the Court attempted to summarize these principles as follows:

"1. An employe who has complied with all conditions necessary to receive a retirement allowance can-

---

[3] Appellees also rely on general language in *Retirement Bd. v. McGovern,* 316 Pa. 161, 174 Atl. 400 (1934). Since the specific issues raised in *McGovern* are not apposite to a discussion of the instant appeal and since the general language of *McGovern* is, for present purposes, merely repetitive of the language of the other five cases relied upon by appellees, we do not find it necessary to discuss *McGovern.*

not be affected adversely by subsequent legislation which changes the terms of the retirement contract.

"2. An employe who has not attained eligibility to receive a retirement allowance may be subject to legislation which changes the terms of the retirement contract if the change is a reasonable enhancement of the actuarial soundness of the retirement fund.

"3. An employe who has not attained eligibility to receive a retirement allowance may not be subject to legislation which changes the terms of the retirement contract if the change does not reasonably enhance the actuarial soundness of the retirement fund." (Footnote omitted.) 392 Pa. at 431-32, 141 A. 2d at 203.

The retirement board's attack on the Act of December 16, 1965 relies chiefly on the formulation of principles in the *Harvey* case. Since the Act reduces the actuarial soundness of the Allegheny County Retirement Fund, the board urges that it "changes the terms" of the retirement contracts of employees presently and in the process of becoming eligible to receive payments within the meaning of the first and third paragraphs of the *Harvey* summary. In other words, the board argues that the Act of December 16, 1965 deprives all nonpolice members of the fund of vested rights and impairs the obligation of their contracts merely because it theoretically reduces the certainty of payment to them.[4] While it is arguable in the abstract that this theoretical possibility is comprehended by the phrase "changes the terms" used by the Court in *Harvey*, we

---

[4] It is certainly worth noting that the court below, after hearing actuaries testify for each side, concluded that while the Act of December 16, 1965 reduced the actuarial soundness of the retirement fund, "in all probability no employee, not a policeman, retiring in the future, would find his pension reduced even if the act were given effect." It is also worth noting that the number of policemen participating in the fund is less than two percent of the total number of Allegheny County employees participating.

believe that reference to the facts of the decisions which *Harvey* attempted to generalize shows that what the Court meant by the phrase was a concrete detriment to the employee rather than the conjectural disadvantage of reduced actuarial soundness. Moreover, the fact that the Court concluded that an enhancement of the actuarial soundness of a fund was sufficient to prevent an increase in the age or length-of-service requirement for employees not yet eligible from being unconstitutional does not mean, as the retirement board suggests, that a decrease in actuarial soundness is by itself sufficient to constitute a deprivation of vested rights or an impairment of contractual rights. Thus, bearing in mind the strong presumption in favor of the constitutionality of legislation, e.g., *Milk Control Com'n v. Battista,* 413 Pa. 652, 659, 198 A. 2d 840, 843 (1964), we conclude that a legislative alteration of retirement laws whose only adverse effect on participants in a retirement fund is to increase a theoretical possibility that payments to them will not be met is not a sufficiently concrete detriment to constitute a violation of constitutional guarantees.

In this appeal the retirement board also takes the position that the Act of December 16, 1965 is unconstitutional because it unfairly discriminates against nonpolice employees participating in the Allegheny County Retirement Fund. Relying on the equal protection clause of the Fourteenth Amendment to the Constitution of the United States as well as the prohibition of "special" laws in Article III, §7 of the Constitution of Pennsylvania, the board urges that there is no rational basis for permitting policemen to retire five years earlier than other county employees. We agree with the conclusion of the court below which rejected the board's argument in this regard. As we have just pointed out in *Baxter v. Philadelphia,* 426 Pa. 240, 231 A. 2d 151 (1967) the duties of and inter-

ests protected by police are of a sufficiently distinct character from those of other governmental employees to justify different terms of employment. More specifically, the special hazards to which policemen's duties expose them and the greater physical fitness which policemen need to adequately discharge their duties lead us to conclude that the Legislature was well within the bounds of reasonable and constitutionally permissible classification in allowing police to become eligible for retirement allowances at an age five years younger than that of other Allegheny County employees. See *Iben v. Monaca Borough,* 158 Pa. Superior Ct. 46, 43 A. 2d 425 (1945).

Judgment reversed.

Mr. Justice COHEN dissents.