## Adams Estate.

Argued September 29, 1971. Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*P. Christian Hague*, with him *Meyer, Unkovic & Scott*, for appellant.

*James C. Larrimer*, with him *Dougherty, Larrimer & Lee*, for appellee.

OPINION BY MR. JUSTICE POMEROY, March 20, 1972:

The question presented by this appeal is whether a wife who was named by her husband as beneficiary of the balance in a retirement fund both by name and relationship continues to be the beneficiary after divorce, her husband not having exercised his right prior to his death to change the beneficiary designation.

John H. Adams, the decedent, was an employee of Allegheny County and as such a participant in the Allegheny County Employees' Retirement System.[1] On December 9, 1966 he married Patricia Ann Kennedy,

---

[1] Act of July 28, 1953, P. L. 723, Art. XVII, §1701 et seq., as amended, 16 P.S. 4701.

the appellant, and six days later advised the Retirement Board of Allegheny County that in the event of his death any balance to his credit should be paid to Patricia Ann Adams, his wife. The exact form of designation is reproduced in the margin.[2] Within ten months John and Patricia Adams were divorced.[3] On May 31, 1968 John Adams died, leaving $2,400 to his credit in the Retirement Fund, and, as stated above, without having changed the beneficiary designation relative thereto. The court below disallowed the claim of Patricia Kennedy, awarding the fund to the estate of decedent's mother, who was decedent's next of kin.[4] This appeal followed, and we reverse.

---

[2] To the Retirement Board of Allegheny County:

Please be advised that I order and direct that, in the event of my death, any funds standing to my credit in the Allegheny County Employees' Retirement Fund shall be paid to the following:

| Patricia Ann Adams | Wife |
| --- | --- |
| Name of Beneficiary | Relationship |
|  | 12-15, 1966 |
|  | Date |

s/ John H. Adams

[3] Patricia Adams was the plaintiff in the divorce action. The decree was entered September 27, 1967, and appellant then resumed her maiden name of Kennedy.

[4] Following decedent's death, his mother, Margaret Adams, was appointed administratrix of his estate. She then requested that the Retirement Board pay her the balance to her son's credit in the Fund. The Board refused, and the administratrix then sued the Board in assumpsit in the Civil Division of the Court of Common Pleas of Allegheny County. Appellant was interpleaded by the Board as party plaintiff and also filed a claim. Preliminary objections to appellant's claim were filed, averring that the designation was testamentary in character and therefore the matter was within the exclusive jurisdiction of the Orphans' Court Division. These objections were overruled by a court en banc. Thereafter appellant filed a motion for summary judgment. When reviewing this

The Allegheny County Employees' Retirement System was created pursuant to the Second Class County Code, *supra,* note 1. Section 1714 of the Act (16 P.S. §4714) provides in part as follows: "(a) Any person contributing monthly into the retirement fund who shall, for any cause, cease to be a county employe before he or she shall be eligible to receive the benefits of the retirement allowances, the total amount of the contributions paid into the retirement fund by such county employe shall be refunded to him or her by the board, or, in the event of the death of any such county employe, the amount of said contributions shall be paid to such person or persons as he or she shall have designated in writing, as filed with the board, as his or her beneficiary, or to his or her estate. If no person or persons have been designated as his or her beneficiary, or no notice has been filed with the board to pay the amount of such contributions to his or her estate, as herein provided, then the board is herewith authorized to pay such contributions to the executor, administra-

---

motion, Judge BOLTE reconsidered the question of jurisdiction and found controlling our decision in *Eberhardt v. Ovens*, 436 Pa. 320, 259 A. 2d 683, decided November 28, 1969, after the preliminary objections had been overruled. He found that the disposition of these funds was essentially testamentary and accordingly directed that the Retirement Board pay into the estate the fund in dispute, without prejudice to appellant's right to pursue her claim in the Orphans' Court Division. The Retirement Board complied, and the litigation resumed in that division, which then unquestionably had acquired jurisdiction over the property and the conflicting claims thereto. We entertain serious doubt, however, whether initially the proceeds of the Retirement Fund were part of the estate, and whether our decision in *Eberhardt v. Ovens, supra,* dictated a transfer to the Orphans' Court Division. However that may be, the case having been transferred to the Orphans' Court Division in the manner described, and without objection, we now treat it as one properly before that tribunal and thus properly appealable directly to this Court. Act of July 31, 1970, P. L. 673, Art. II, §202(3), 17 P.S. §211.202(3).

tor, surviving spouse, or next of kin of the deceased county employe . . . ." The employee, Adams, duly designated appellant in writing as his beneficiary and filed the writing with the Board. There was no restriction as to whom he might designate, and no requirement that it be someone to whom he was related, although the designation forms had a space in which to describe the relationship, if any, of the beneficiary to the employee. The narrow question is whether the relationship status indicated in the designation form had to be in existence at the time of the employee's death.

It seems clear to us that the disposition of contributions which have been paid into the retirement fund by an employee whose employment ends before he is eligible for retirement benefits is governed by the quoted section of the Code, *supra,* and that this in turn is part and parcel of the employee's terms of employment with his employer, the County. The statute recognizes the obligation of the system to return the contributions to the employee if his employment ceases prior to retirement, or to his designee if the employment status is terminated by death. That the undertaking of the County is of statutory origin does not make it any the less a contractual obligation. See *Geary v. Allegheny County Retirement Board,* 426 Pa. 254, 257, 231 A. 2d 743 (1967) ; *Eisenberger v. Harrisburg Police Commission,* 400 Pa. 418, 162 A. 2d 347 (1960) ; *Harvey v. Allegheny County Retirement Board,* 392 Pa. 421, 141 A. 2d 197 (1958).

Precedents abound involving other contractual obligations such as inter vivos trusts, insurance policies and employee benefit plans which support the claim of one who, like appellant, was not decedent's wife at the time he died. See *Brown v. Ancient Order of United Workmen,* 208 Pa. 101, 57 Atl. 176 (1904) ; *Garland v. Craven,* 156 Pa. Superior Ct. 351, 41 A. 2d 140 (1944) ;

*Hendricks v. Prudential Insurance Co.,* 149 Pa. Superior
Ct. 350, 27 A. 2d 261 (1942); *Stewart v. Shenandoah
Life Ins. Co.,* 144 Pa. Superior Ct. 549, 20 A. 2d 246
(1941); *Mailey Estate,* 51 Pa. D. & C. 2d 259 (1970);
*Young v. E. Keeler Company,* 26 Pa. D. & C. 2d 118
(1961); *Mellon's Estate,* 28 W.N.C. 120 (1891);
*Sharpe's Estate,* 15 W.N.C. 419 (1884). The sum of
these decisions is that "wife" is merely descriptive of
the particular individual, not that the individual name
is an identification of the person who is then the wife,
used in a generic sense. If, of course, the term "wife"
were used alone, unaccompanied by the name of a per-
son, the contrary result would be indicated. *Erny
Trust,* 415 Pa. 8, 202 A. 2d 30 (1964). Indeed, prior
to the enactment of Section 7(2) of the Wills Act of
1947, the rule we have stated also applied in constru-
ing wills. Thus, for example, in *Jones Estate,* 211 Pa.
364, 60 Atl. 915 (1905), this Court succinctly held that
"[t]he name will prevail if there is a person fully an-
swering to it even though there be a description and no
one answers to it." 211 Pa. at 368.

In reaching the opposite result the learned court be-
low relied upon Section 55(3) of the Divorce Act, Act
of May 2, 1929, P. L. 1237, §55, as amended, 23 P.S.
§55(3) and Section 7(2) of the Wills Act of 1947, *su-
pra,* 20 P.S. §180.7(2) as persuasive, if not directly
controlling. The former provides that a divorce decree
terminates "all and any property rights *which are de-
pendent upon such marital relation,* save those which
are vested rights . . . ." (Emphasis added.) This provi-
sion is of no help in deciding the case at hand, for
whether or not appellant's right is "dependent upon
such marital relation" is precisely the question for de-
cision. *See Brown v. Ancient Order of United Work-
men, supra,* 208 Pa. 101, 105; *Thomas v. Robinson,* 162
Pa. Superior Ct. 454, 58 A. 2d 200 (1948).

The Wills Act is equally inapplicable. Section 7(2) (20 P.S. §180.7(2)) provides: "(2) Divorce. If the testator is divorced from the bonds of matrimony after making a will, all provisions in the will in favor of his spouse so divorced shall be thereby revoked." The lower court, acknowledging that the writing before it was nontestamentary, nevertheless felt that the quoted section of the Wills Act could be considered public recognition of the presumed wishes of the decedent with respect to writings which were not wills. We disagree. Such a reading of the Wills Act provision is unwarrantedly broad. Among other things, it fails to take into account the legislature's treatment in the Estates Act of beneficiary designations under life insurance policies and employee benefit plans as being nontestamentary in character. See Act of April 24, 1947, P.L. 100, §8, as amended, 20 P.S. 301.7a;[5] *Mailey Trust,* 51 Pa. D. & C. 2d 259 (Phila. County, 1970).

The court below looked to what it termed "basic equities" in deciding against the divorced wife, adopting the rationale in *Fitzgibbon v. Walcutt,* 126 Ohio St. 450, 185 N.E. 837 (1933). We find this approach inappropriate in this case and, with respect, the *Fitzgibbon* opinion unconvincing. We know nothing whatever about the decedent, his former wife and his mother other than that which has been recited herein. Divorce does not in all cases and automatically spell the end of interest in or even concern for one former spouse

---

[5] The inclusion of employee benefit plans in this section was made by the Act of November 27, 1970, P. L. 776, §1. The section as amended applies to designation of beneficiaries of benefits under employee benefit plans made prior to or subsequent to January 1, 1970 by persons who die on or after said date. It is expressly stipulated that the provisions relative to such designations shall not be deemed to create any implication of invalidity of any such designation made by any person who dies before said date.

by the other. That appellant had no legal claim upon decedent or his estate after the divorce cannot be gainsaid; to hold that forthwith upon divorce the husband must be presumed to intend to terminate a contractual arrangement which benefits the other is to engage in speculation not warranted by this record or required by Pennsylvania law.

Decree reversed; costs on the estate.

The former Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

The former Mr. Justice BARBIERI took no part in the decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

Although the majority opinion accurately summarizes the facts and precisely recites the narrow issue presented by this appeal, I am unable to agree with the conclusion of a majority of my colleagues.

Initially, I must note my disagreement with the majority that Section 55(3) of The Divorce Law, Act of May 2, 1929, P. L. 1237, §55, *as amended,* 23 P.S. §55(3) (Supp. 1971), "is of no help in deciding the case at hand. . . ." In addition to stating that all property rights dependent upon a marital relationship are terminated by a divorce decree, Section 55(3) of The Divorce Law further provides that, "[a]ll duties, rights and claims accruing to either of said parties at any time heretofore in pursuance of said marriage, shall cease and determine . . . ." Although a spouse's right or claim to retirement funds under the Act of July 28, 1953, P. L. 723, §1701 *et seq., as amended,* 16 P.S. §4701 *et seq.* (Supp 1971), does not automatically accrue "in pursuance of said marriage" since the employee must designate "such person or persons . . . as his or her beneficiary," Act of July 28, 1953, P. L. 723, §1714,

*as amended,* 16 P.S. §4714 (Supp. 1971), *appellant's right or claim accrued pursuant to the marriage.* I make this statement in view of the fact that decedent did not designate appellant as the beneficiary until six days *after* the marriage even though decedent could have done so beforehand. As appellant's right or claim accrued pursuant to the marriage, it was dissolved by the divorce under Section 55(3) of The Divorce Law.

If decedent was so interested in appellant's well-being after the divorce, and that is the assumption implicit in the majority opinion, why did decedent wait until after the marriage to designate appellant? It seems most logical to me that just as decedent's concern for appellant's well-being did not arise until after the marriage, his concern lapsed after the divorce. Indeed, decedent was married to appellant for less than four months when appellant filed for divorce. While I do not profess to be an expert on human affairs, I do not believe decedent intended to benefit appellant. Moreover, this result is in accord with the public policy of this Commonwealth as evidenced by Section 55(3) of The Divorce Law and Section 7(2) of the Wills Act of 1947, Act of April 24, 1947, P. L. 89, §7(2), *as amended,* 20 P.S. §180.7(2) (Supp. 1971).

As the majority expressly recognizes, if the term "wife" were used alone, unaccompanied by the name of a person, appellant would not be entitled to this fund. *Erny Trust,* 415 Pa. 8, 202 A. 2d 30 (1964). Similarly, the majority opinion implicitly acknowledges that a contrary result would occur if this transfer of retirement benefits were deemed testamentary. In light of Section 55(3) of The Divorce Law, the public policy of this Commonwealth and the facts of this case, I believe that appellant is not entitled to this fund.

I dissent.