611 A.2d 791

**John F. CZEKANSKI, Sr., Appellant,**

v.

**FORD CITY BOROUGH, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 12, 1992.

Decided June 9, 1992.

418

Janice L. Holben, for appellant.

Thomas D. MacMullan, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

John F. Czekanski, Sr. (Czekanski) appeals from an order of the Court of Common Pleas of Armstrong County dismissing his petition for a declaration that Ford City Borough (Borough) had miscalculated his pension benefits.

Czekanski was employed by the Borough as a police officer since June 2, 1952 and was a member of the Borough Police collective bargaining unit. Although his service had been interrupted between October 1, 1982 and April 16, 1984, due to forced retirement, he was reinstated and awarded full back pay through an action by the Pennsylvania Human Relations

Commission. Czekanski received his back pay settlement in the amount of $31,978.37 in December 1985.

On November 1, 1988, Czekanski voluntarily retired from the police force at age 62. When he began receiving a pension of $1,128.54 per month based on his monthly average salary, the calculation of his pension did not include the amount he received as back pay.

On March 6, 1989, Czekanski filed grievances with the Grievance Committee (Committee) of the Borough Police contending that because the amount of his back pay was reflected on his W–2 form within 36 months immediately preceding his retirement, that amount should have been included in calculating his pension. He also asserted that had his pension been properly computed, he would be receiving $1,575.68 rather than $1,128.54 in pension benefits per month. The Committee, however, found Czekanski's claims to be without merit and his grievances never reached final and binding arbitration.

On February 19, 1991, Czekanski filed a petition for review in the nature of a declaratory judgment alleging that the Borough improperly calculated his pension benefits. The Borough filed preliminary objections contending that Czekanski was bound by the collective bargaining agreement which details the grievance procedures to be followed in these matters and that Czekanski's petition should be dismissed because he failed to follow those procedures. The trial court agreed with the Borough and dismissed Czekanski's petition, stating that it did not have "authority to rewrite" the collective bargaining agreement entered into by the Borough Police and the Borough. Czekanski's appeal to this Court followed.[1]

1. Our scope of review of local agency decisions where the trial court takes no additional evidence is limited to determining whether the adjudication is in violation of the constitutional rights of the appellant, not in accordance with the law, whether local agency procedures have been violated or whether any findings of fact made by the agency and necessary to support the decision are not supported by substantial evidence. Section 754 of the Local Agency Law, 2 Pa.C.S. § 754; *Board of Pensions and Retirement of the City of Philadelphia v. Christy*, 133 Pa.Commonwealth Ct. 365, 576 A.2d 1151 (1990).

■ Czekanski contends that the trial court erred in determining that it did not have jurisdiction to entertain his petition because trial courts in other cases have decided issues relating to police pensions. Section 1 of the Act of June 24, 1968, P.L. 237 (Act 111), *as amended*, 43 P.S. § 217.1, provides:

> Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, *pensions* and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

43 P.S. § 217.1 (emphasis added); *see, e.g., Police Pension Fund Association Board v. Hess,* 127 Pa.Commonwealth Ct. 498, 562 A.2d 391 (1989). With regard to police pensions, the Pennsylvania Supreme Court in *City of Allentown v. Local 302, International Association of Fire Fighters,* 511 Pa. 275, 512 A.2d 1175 (1986), stated:

> It would appear that by including retirement and pensions in the items which policemen and firemen have a right to bargain, the legislature has evidenced an intention that the public employer no longer has exclusive control over the structure of pension systems. Once the matter is included in a collective bargaining agreement, it becomes, like any other contractual provision, binding on the parties to the agreement.

511 Pa. at 288, 512 A.2d at 1181. Accordingly, a dispute concerning the amount of pension benefits a retired police officer is entitled to receive is a subject of collective bargaining and is not within the jurisdiction of the trial court.

■ Even though we conclude that the trial court did not err in determining that it did not have jurisdiction to address this matter, we further note that that there was no error in the determination that the back pay amount was properly excluded from the calculation of Czekanski's pension benefits.

We make this observation based on Section 3 of Borough Ordinance No. 527, supplementing and amending Section 9 of Borough Ordinance No. 378, which provides, in pertinent part:

Monthly retirement benefits shall be equal to one-half (½) of the monthly average salary of such member *during the thirty-six (36) months immediately preceding his retirement.* Such pension benefits for any month shall be computed as the sum of the following:

(a) Any pension or retirement benefits from plans heretofore established by a private organization;

(b) Benefits from the Police Pension Fund established pursuant to this article to the extent necessary to bring the total benefits in any month up to one-half (½) of the aforesaid monthly average salary. (Emphasis added).

"Monthly average salary" is defined in the ordinance as:

[t]he monthly arithmetic average of the total compensation of the member during the periods of time prescribed in SECTION 10 hereof. Regular salary, longevity increments, court pay, vacation pay, overtime pay and all other compensation which should appear on U.S. Internal Revenue Service Form W–2 shall be included in calculating said total compensation.

Borough Ordinance No. 527, § 1(i).

In the present appeal, Czekanski voluntarily retired on November 1, 1988. In December 1985, he was awarded back pay for the time period during which he was involuntarily retired. While Czekanski *received* the back pay settlement within the 36 months immediately preceding his retirement, this amount was not *earned* within the 36 months immediately preceding his retirement. The back pay amount represents regular salary and other compensation which Czekanski would have otherwise earned during the period of his involuntary retirement from October 1, 1982 to April 16, 1984. Because the back pay amount is therefore not a part of Czekanski's monthly average salary during the 36 months immediately preceding his retirement from the Borough police force, the Borough's method of calculating Czekanski's pension benefits

was in accordance with Ordinance Nos. 378 and 527 and the back pay amount was properly excluded from computation.

The order of the trial court is affirmed.

## ORDER

AND NOW, this 9th day of June, 1992, the order of the Court of Common Pleas of Armstrong County, dated August 21, 1991, is hereby affirmed.