512 A.2d 106

Charles J. Abramski, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employees' Retirement System, Respondent.

Argued March 12, 1986, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*Keith A. Bassi, Bassi and Rega, P.C.* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, July 18, 1986:

In this appeal we must determine whether damages awarded to a school teacher as a result of a breach of contract by the school district should be credited for purposes of retirement benefits to the year when the money would have been earned if the contract had not been breached or to the year when the money was actually paid.

Prior to his retirement on August 29, 1982, Charles J. Abramski (petitioner) had been employed as a school teacher for approximately twenty-seven years. During his service as a school teacher he was also retained under a three year contract by the Ringgold School District to serve as a football coach for 1974-1977. However, he was subsequently terminated from this position and was not permitted to coach during the 1976-77 school year. Petitioner filed a suit for breach of contract and on June 15, 1979, he was awarded $2,200.00 plus interest. On May 29, 1981, the Ringgold School District paid him $2,200.00 plus $638.00 in interest. In computing petitioner's final average salary, the Public School Employees' Retirement System credited the $2,200.00 to 1976-77, the school year during which the money would have been earned if the contract had not been breached. Petitioner appealed this determination to the Public School Employees' Retirement Board (Board) on the basis that the entire amount should have been credited to 1980-81, the school year during which the money was actually paid. The Board found no merit in petitioner's contention and dismissed the appeal. We affirm.

On appeal to this court, petitioner maintains that the Board's decision is contrary to the provisions of the Public School Employees' Retirement Code (Code), 24 Pa. C. S. §§8101-8534. More specifically, he relies on §8102 of the Code which defines final average salary as

"[t]he highest average *compensation* received as an active member during any three nonoverlapping periods of twelve consecutive months. . . ." (Emphasis added.) He then concludes that since compensation is defined in the Code as "any remuneration received as a school employee," the money which he *received* during the 1980-81 school year must be considered compensation for that year.

The Board, on the other hand, submits that this interpretation is very simplistic and, if adopted, would produce unreasonable and arbitrary results. The Board first notes that the Code does not specifically provide for the crediting of damage awards as compensation. However, in keeping with its policy to liberally administer the retirement system in favor of the members, the Board has opted to credit the award as if the contract had never been breached. The Board believes that this constructive awarding of compensation is anticipated and permitted by the Code.

Section 8302(a) of the Code provides, in part, as follows:

> (a) Computation of credited service.—In computing credited school service of a member for the determination of benefits, a full-time salaried school employee shall receive one year of credit *for each school year* or the corresponding fraction thereof, in accordance with the proportion of the full school year for which the required *regular member contributions* have been made. (Emphasis added.)

Under Section 8102 of the Code, regular member contributions are defined as "the product of the basic contribution rate and the compensation of the member." According to the Board, these provisions tie together service credits with compensation so that one cannot be awarded without the other. As we already noted, Sec-

tion 8302(a) of the Code states that "school employees shall receive one year of credit *for each* school year . . . for which the required regular member contributions have been made." The Board believes that this language permits it to award service credits to years other than those during which the service was actually performed. If service credits can be constructively awarded, it then follows that the same may be done with compensation. In other words, compensation received in 1980-81 may be treated as if constructively received during the 1976-77 school year. We agree.

Moreover, we find especially persuasive the Board's argument that petitioner's interpretation of the Code would lead to inconsistent and often unfair results. It would provide windfalls to certain employees while it would penalize others. Although in petitioner's case, it would be to his advantage for the Board to credit the compensation to 1980-81 because that is one of the three years used in calculating his final average salary, there are other situations where this policy would penalize the school employee. One example is where the litigation is not resolved until after the employee retires. Unless the Board can constructively award the service credit and compensation to the year when the service should have been performed, that employee will lose all retirement credits for the contested service. Also, in the situation where the school board breaches an employee's contract for one entire year and the damage award is paid in a subsequent year, the employee who has by then returned to work will be short one service credit and will receive one year service credit at double salary. All of these problems arise from the fact that service credit and compensation must be credited to the same period of time. This would not affect petitioner because he was working as a full time teacher during the period when his contract was breached so

that regardless of where the service credit is placed he would have sufficient retirement credits.

In interpreting the language of a statute, we must presume that the legislature did not intend a result which is absurd, illogical or unreasonable. *Summit School, Inc. v. Department of Education,* 43 Pa. Commonwealth Ct. 623, 402 A.2d 1142 (1979). We, therefore, affirm the Board's decision to credit petitioner's damage award to 1976-77, the year when the money would have been earned if the school district had not breached the contract. We also hold that the Board correctly refused to credit the interest payment as compensation.

## ORDER

Now, July 18, 1986, the order of the Public School Employees' Retirement Board in the above-captioned matter is affirmed.