**James H. MARTSOLF, Petitioner**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.
Decided April 3, 2012.
Publication Ordered May 24, 2012.

Ian J. Blynn, Harrisburg, for petitioner.

Salvatore Darigo, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge (P.), and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

James Martsolf (Martsolf) petitions for review of an order of the State Employees' Retirement Board (Board) determining that a lump sum settlement payment from the Pennsylvania State Police (PSP) was not compensation within the meaning set forth by the State Employees' Retirement

Code (Code).[1] Finding no error in the Board's decision, we affirm.

Martsolf became a member of the State Employees' Retirement System (SERS) on June 27, 1988, when he joined the PSP. In 1992, he was selected as a sharpshooter for PSP's Special Emergency Response Team (SERT) and is currently a Sergeant in the patrol section at Troop B in Washington, Pennsylvania. Martsolf was notified on October 5, 2005, that he was being temporarily removed from his position on SERT, which was made permanent on March 15, 2006. Martsolf filed grievances from those removals seeking "[a]ll appropriate relief." (Reproduced Record [R.R.], at 11a.) On May 22, 2009, the PSP, the Pennsylvania State Troopers' Association (PSTA), and Martsolf entered into a settlement agreement (Agreement) providing that he would be reinstated to the SERT but would immediately and permanently resign. PSP also agreed to pay him a $40,000 lump sum settlement, which was paid on September 14, 2009.

Martsolf then contacted SERS to inquire about the amount of retirement contributions he should submit so he could obtain credit toward his pension for the payment he received. SERS responded that the settlement payment was not "compensation" under the Code, so no contribution was required and that he would not receive pension credit for it. After reconsideration was denied, Martsolf appealed to the Board.

Before a hearing officer,[2] Martsolf testified that he was currently a Sergeant with the PSP at Troop B in Washington, Pennsylvania, and was previously a member of SERT. He said that his compensation for his membership on SERT was almost entirely overtime and was based on if—or when—the team was called out; that he was guaranteed at least three hours' pay for each call-out, regardless of how long it actually lasted; however, there was no guarantee as to how many hours of compensation he would receive annually as a SERT member. Martsolf testified that before his October 2005 removal from SERT, his now ex-wife, who was a dispatcher with the PSP, made an internal sexual harassment complaint and other complaints against department members, which he believed caused his removal from SERT. He grieved his temporary and then permanent removal and testified that to settle those grievances, he told the PSP's attorney that he was seeking lost wages, which were between $26,000 and $29,000 in his "high year," (R.R., at 50a), and after

1. Section 5102 of the Code defines compensation as "[p]ickup contributions plus remuneration actually received as a State employee excluding refunds for expenses, contingency and accountable expense allowances, and excluding any severance payments or payments for unused vacation or sick leave." 71 Pa. C.S. § 5102. Pickup contributions are defined as "regular or joint coverage member contributions, social security integration contributions and additional member contributions which are made by the Commonwealth or other employer for active members for current service on and after January 1, 1982." *Id.*

2. Dana Shettel (Shettel), an administrative officer for SERS, testified as to the processing of Martsolf's request. Shettel testified that on October 16, 2009, Christine Holley (Holley), director of SERS membership services division, notified Martsolf that the settlement payment was not considered compensation as defined by the Code. She stated that SERS then received a letter dated October 22, 2009, requesting reconsideration, and Holley responded on October 28, 2009, again stating that the payment would not be treated as compensation. Martsolf appealed the decision on November 23, 2009, and on January 26, 2010, the SERS appeals committee notified Martsolf that it was denying his request. An appeal request was received on February 24, 2010, and SERS provided an answer and response on March 16, 2010.

some discussion, they arrived at the $40,000 figure. He stated that the original draft provided that the payment would not be considered compensation for pension purposes, and he objected to the language, so it was removed.

Holley testified that she was responsible for maintaining members' SERS account records. She said that her department received hours, wages, and retirement contribution through the Commonwealth Payroll Bureau, which the department then processed and ensured contributions were sufficient. She stated that for a payment to be considered compensation, it did not necessarily have to come from a weekly or bi-weekly paycheck; employee contributions and any grievance or arbitration payments that passed through an agency's human relations office and the Commonwealth Payroll Bureau were also considered compensation. This, Holley stated, was limited to grievance awards that came as part of an arbitrator's decision. She also testified that there was no process within SERS by which back pay information could be obtained directly from contributing members. With regard to Martsolf, Holley testified that SERS did not become aware of his cash settlement until it was contacted by his attorney. She said that after receiving the correspondence, she went through Martsolf's file to make sure SERS did not overlook anything and also contacted PSP to see if it would be sending anything, and PSP said nothing that would be coming. Holley received the Agreement, though not through the normal process by which she received grievance arbitration awards, and said there was nothing to show that the award was being processed through Commonwealth payroll. She said that she determined the settlement award was not retirement-covered compensation because there was no way to determine whether there were any hours connected to it and where it was to be placed in Martsolf's account. She further stated that none of Martsolf's testimony at the hearing provided any information that would change her decision.

Joanna Reynolds (Reynolds), assistant counsel for PSP, testified that she had handled contract negotiations and grievances on behalf of PSP since 1983. She said that she was assigned to the case after Tom Rosman (Rosman), another PSP attorney, passed away, and she was the one who completed the Agreement with Martsolf, although Rosman was the one who arrived at the settlement amount with Martsolf. She stated that she did not consider the settlement award to be salary for pension purposes and that the transmittal letter provided with the agreement made that clear. She stated that this position was also orally communicated to Martsolf. Reynolds further testified that the check that was sent to Martsolf was not processed through payroll and did not go through human resources, so taxes and retirement contributions were not deducted. On cross-examination, Reynolds conceded that the Agreement itself was silent on the pension status of the payment and that a previous draft said the settlement was not compensation for SERS purposes, but that provision was removed because the parties could not agree on the award's pension status.

Based on the testimony and evidence presented at the hearing, the hearing examiner issued an opinion and recommendation on February 24, 2011, finding that Martsolf sought "all appropriate relief" when he filed his grievance, and did not specifically seek back pay. (R.R., at 172a.) She also found that the Membership Services Division of SERS received information about compensation from other agencies to process for pension purposes, and PSP was one of those agencies and that "[b]onuses or cash payments or settle-

ments are generally not considered to be retirement covered." (R.R., at 174a). The hearing examiner finally found that members could not provide their own work and compensation information to SERS. Based on these findings and on the testimony at the hearing, the hearing examiner concluded that the terms of the Agreement were clear and unambiguous and did not support Martsolf's contention that the settlement payment was intended to be compensation under the Code. She provided that the only support for Martsolf's contention was his own testimony that he was seeking lost wages, and while Martsolf may have wanted the payment to be counted as compensation, the Agreement did not reflect that. The hearing examiner said that the parol evidence rule limited her to the terms of the Agreement, and based on that review, the payment could not be considered compensation for SERS purposes. She recommended that Martsolf's request to receive pension credit for the payment be denied.

■ Martsolf filed exceptions with the Board, which challenged the hearing examiner's recommendations that the settlement payment should not be considered compensation. In a June 16, 2011 opinion, the Board denied Martsolf's exceptions and determined that Martsolf failed to meet his burden of proving that the payment was compensation, so his request for pension credit was denied, as well. This appeal followed.[3]

Relying on *Joll v. State Employees' Retirement Board*, 632 A.2d 638 (Pa.Cmwlth. 1993), Martsolf contends the only claim he made was for back pay, so the settlement payment must be compensation for retirement purposes. In *Joll*, the PSP awarded retroactive rank differential pay to the employee pursuant to an arbitration award entered after he had retired. Because his pension was based on his length of service and on his final average salary within the last four quarters, the employee contacted SERS to request that the rank differential pay be calculated into his final average salary. The Board refused to do so, and this Court reversed that decision, holding that "compensation paid is inexorably tied to when it was due to be paid, not when it was paid." *Joll*, 632 A.2d at 639. We reiterated that the "constructive receipt principle" set forth in *Abramski v. Public School Employees' Retirement System*, 99 Pa.Cmwlth. 69, 512 A.2d 106 (1986), applied to back pay awarded in a reinstatement arbitration award, and therefore, the amount paid should be treated as if it was received when the employee should have originally received it.

■ *Joll* is not applicable to this case because the question we addressed in *Joll* was whether a payment of back pay that was granted through arbitration should be credited to an employee's pension when it is earned or when it is received, while in this case, the issue is whether the settlement payment is back pay and compensation under the Code or some other "appropriate relief." Answering that question, unless a settlement agreement provides that wages lost are being compensated and

---

3. Our review of the Board's opinion is limited to determining whether the Board's findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the constitutional rights of the parties were violated. *McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). "[T]he interpretation of a statute by those charged with its execution is entitled to great deference, and will not be overturned unless such construction is clearly erroneous." *Larsen v. State Employees' Retirement System*, 22 A.3d 316, 324 (Pa. Cmwlth.2011) (citing *Caso v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 576 Pa. 287, 291–92, 839 A.2d 219, 221 (2003)).

for what periods, all that a settlement agreement indicates is that a grievance is being "brought" and settled, nothing else. The settlement agreement here is silent as to the basis of the award, and there is no way of determining whether any hours are connected to the payment, how many hours would be attached, and where to place the contribution in Martsolf's account.[4]

Accordingly, because the hearing examiner properly found that the settlement payment cannot be considered compensation under the Code, the order of the Board is affirmed.

### ORDER

AND NOW, this 3rd day of April, 2012, the order of the State Employees' Retirement Board, dated June 16, 2011, is affirmed.

---

4.  Even if the award provides those figures or said it was for compensation, our Supreme Court has held that the Board is "not obligated to accept contributions on behalf of a member where contributions are made in accordance with a settlement agreement to which [the] Board was not a party." *Hoerner v. Public School Employees' Retirement Board,* 546 Pa. 215, 226 n. 10, 684 A.2d 112, 117 n. 10 (1996) (citing *Watrel v. Department of Education,* 513 Pa. 61, 518 A.2d 1158 (1986)). Therefore, even if PSP did not contest the settlement payment's pension status, the Board is not bound to accept the payment as compensation because it was not a party to the agreement.